IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No.

LINDA FRENCH, an individual,

    Petitioner,

    vs.

U.S. CENTER FOR SAFESPORT, a Colorado non-profit corporation,

    Respondent.

---

**PETITION TO VACATE ARBITRATION AWARD**
**[9 U.S.C. § 10]**

---

**COMES NOW PETITIONER** LINDA FRENCH, for her Petition against Respondent U.S. CENTER FOR SAFESPORT, and states as follows:

**NATURE OF THE CASE**

1. This case arises from an Arbitration Award issued by Arbitrator Hon. Carl W. (Bill) Hoffman (Ret.), dated May 3, 2024, and first communicated to Petitioner French on May 3, 2024, arising out of a sanction issued by the U.S. Center for SafeSport ("SafeSport").

2. In his award, Arbitrator Hoffman ruled to uphold SafeSport's five-year suspension of Ms. French, followed by two years of probation.

3. Unlike most SafeSport cases, the underlying case against Ms. French did not directly include allegations of sexual or emotional abuse. Rather, the case against Ms. French centered largely on whether she had sufficient information regarding two allegations of misconduct that occurred over twenty years ago such that she had an obligation to report

1

the misconduct that her USAB Chief of Staff and USAB SafeSport Coordinator, Alistair Casey, told her about. Ms. French was charged with additional violations for discouraging Mr. Casey from reporting the misconduct, retaliating against Mr. Casey for reporting to SafeSport, and for relying on the advice of USAB attorney Jon Little in determining not to redact certain information in documents submitted confidentially to congressional representatives. Despite the central role that Mr. Casey played in SafeSport's investigation and findings, SafeSport refused to make Mr. Casey (or any other of the nine witnesses it interviewed as part of its investigation) available at the arbitration hearing so that Ms. French could question the witnesses and the Arbitrator could appropriately determine their credibility. In his decision, Arbitrator Hoffman resolved the issues of fact in favor of SafeSport and against Ms. French even though SafeSport presented no witnesses, including Mr. Casey, and relied entirely on the unsworn interviews conducted by SafeSport through which Ms. French never had the opportunity to challenge the witnesses or the testimony they provided to SafeSport. Arbitrator Hoffman engaged in misbehavior by discrediting Ms. French's live testimony and finding that SafeSport proved the allegations against Ms. French by a preponderance of the evidence despite the fact SafeSport presented no witnesses at the hearing. Accordingly, Arbitrator Hoffman's misconduct prejudiced Ms. French and deprived her of the opportunity of a fundamentally fair hearing and must be vacated.

4.      For the reasons stated herein, Petitioner submits that the arbitration award should be vacated pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-14. Alternatively, Petitioner submits that the Award should be remanded to Judicial Arbitration and Mediation Services ("JAMS") for a hearing before a different arbitrator.

**THE PARTIES**

5. Linda French is a 60-year-old former badminton athlete who is a resident of Naples, Florida. Ms. French represented the United States as a badminton athlete at the 1992 Summer Olympics in Barcelona and the 1996 Summer Olympics in Atlanta. On July 1, 2019, Ms. French was appointed as the interim CEO of USA Badminton (as an unpaid volunteer), and started getting paid as interim CEO in September 2019. In March of 2021, she was elected by the USA Badminton Board of Directors to serve in the permanent position of CEO. Ms. French lost her position as CEO of USA Badminton as a result of Arbitrator Hoffman's decision to uphold SafeSport's five-year suspension.

6. Upon information and belief, Defendant U.S. Center for SafeSport (hereinafter "SafeSport") is a non-profit corporation that is incorporated in Colorado and has its principal place of business in Denver, Colorado. SafeSport exercises jurisdiction over members of Olympic sport across all 50 United States. It is responsible for investigating both sexual misconduct and non-sexual misconduct allegations in Olympic sport in the United States.

**JURISDICTION AND VENUE**

7. This action is brought pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10.

8. Venue is proper in this Court as it has diversity jurisdiction over this proceeding pursuant to 28 U.S.C.A. § 1332(a) because (i) the amount in controversy, exclusive of interest and costs, exceeds $75,000 (Ms. French's loss of earning as a result of the arbitration award are in excess of this Court's $75,000 jurisdictional limit); and (ii) Petitioner resides in Naples, Florida and Defendant is an entity incorporated under the laws of Colorado and has its principal place of business in Denver, Colorado. Venue lies in this

district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this district; and because Art. II of the SafeSport Code provides that "In the event that any party brings any action against the other related to this Code, the parties agree that the venue of such action shall be vested exclusively in the United States District Court for the District of Colorado."

## FACTS

9.  On January 5, 2024, SafeSport submitted its Confidential Investigation Report and Notice of Decision, through which it determined Ms. French was guilty of several SafeSport violations warranting a five-year suspension followed by two years of probation.

10. Pursuant to the SafeSport Code, Ms. French timely contested the "Notice of Decision" and requested an arbitration hearing before JAMS contesting both the findings and sanction in this matter. On February 6, 2024, Arbitrator Hoffman was appointed as arbitrator in Ms. French's case.

11. In its Opening Brief submitted on March 7, 2024, SafeSport indicated that it would call Alistair Casey to "testify regarding issues outlined in his statements to the Center." The Center's allegations against Ms. French, including alleged abuse of process for failure to report and retaliation, were primarily substantiated by the six interviews that Mr. Casey provided to SafeSport during its investigation. Mr. Casey alleged that Ms. French discouraged him from reporting incidents involving sexual misconduct within USA Badminton to SafeSport, and eventually terminated his employment with USA Badminton in retaliation for his eventual reporting. Ms. French was also charged with abuse of process for failing to redact certain information in documents that were marked as confidential and

4

disclosed to Congress. Ms. French vehemently denies the allegations and maintains that (i) she had insufficient information to form a reasonable suspicion of misconduct that required her to report to the Center; (ii) she did not discourage Mr. Casey from reporting the incidents to the Center, (iii) Mr. Casey was terminated because of the reduced budget approved by USAB Board of Director's following the significantly reduced revenue from the Covid-19 pandemic, (iv) she was not involved in the decision to provide unredacted documents to Congress. Not surprisingly, Ms. French and Mr. Casey had differing accounts of the events and conversations that formed the basis for SafeSport's allegations against Ms. French.

12. The JAMS arbitration hearing was conducted by Zoom videoconference on April 24, 2024. Both in her pre-hearing submissions and *live testimony through direct and cross-examination during the arbitration hearing*, Ms. French submitted that (i) she had not violated the SafeSport Code because the allegations against her were false; and, (ii) as a result, the sanctions imposed against her should be set aside. In both its pre-hearing submissions and at the arbitration hearing, SafeSport submitted that (i) Arbitrator Hoffman should uphold the violations identified in SafeSport's Notice of Decision; and (ii) Arbitrator Hoffman should uphold the sanctions that SafeSport imposed (pursuant to its January 5, 2024 Notice of Decision) for each of the violations enumerated.

13. On May 3, 2024, Arbitrator Hoffman [through JAMS] issued his Arbitration Award in this matter. In that Arbitration Award, he:

    a. *Confirmed* all violations against Ms. French; and

    b. *Confirmed* the five-year suspension followed by two years probation sanction on Ms. French's participation in sport.

14. In his Award, Arbitrator Hoffman inexplicably and summarily found Linda French's testimony to be unreliable *in favor of the out-of-hearing statements from Alistair Casey*, who did not appear at the hearing to testify or make himself available for cross-examination. With regards to the allegations of failure to report and discouraging Mr. Casey from reporting, Arbitrator Hoffman made several key assumptions in favor of SafeSport and against Ms. French as to the contents of a July 2021 phone call discussion between Ms. French and Mr. Casey, despite Mr. Casey not testifying in person at the hearing about the phone call. Arbitrator Hoffman also made factual determinations in favor of SafeSport and against Ms. French with regards to the allegations of abuse of process and retaliation.

15. If Arbitrator Hoffman's decision is allowed to stand, it will not only undermine the integrity of the only remedy available to an individual accused and prosecuted under the SafeSport Code but will also cause irreparable and permanent harm to Ms. French in every aspect of her life. As a result, Ms. French has brought this action within three months after the award was delivered on May 3, 2024, and requests that the Award be vacated under 9 U.S.C. § 10.

## COUNT ONE

### VACATUR OF MAY 3, 2024 ARBITRATION AWARD

16. Linda French repeats and re-alleges each and every allegation set forth in Paragraphs 1-15 of this Petition as fully set forth herein.

17. Based on the foregoing, Arbitrator Hoffman's Award should be vacated and set aside on the grounds that Arbitrator Hoffman engaged in misconduct that prejudiced Ms. French by denying her the right to a fair hearing in violation of 9 U.S.C. § 10(a)(3), and the

award should be set aside. Alternatively, the Award should be remanded to JAMS before a different arbitrator.

18.     Petitioner Linda French has no adequate remedy at law, as only a judgment vacating or remanding Arbitrator Hoffman's Award will provide her with the relief required under these circumstances.

**WHEREFORE**, Petitioner prays the judgment, order, and decree of this Court be as follows:

1.     That this Court vacate Arbitrator Hoffman's May 3, 2024 arbitration award in its entirety; or in the alternative, remand the Award for reconsideration with a full and fair hearing on the merits, and award such other relief as may be just and proper.

2.     That Petitioner be awarded the costs of suit incurred herein; and

3.     That Petitioner be awarded such other costs and relief as the court deems just and equitable.

DATED:     August 1, 2024          LAW OFFICES OF HOWARD L. JACOBS


                                           /s/ Howard L. Jacobs_____
                                           Howard L. Jacobs
                                           Attorney for Petitioner LINDA FRENCH

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, August 1, 2024, a copy of the foregoing document entitled ***PETITION TO VACATE ARBITRATION AWARD*** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

In addition, service was made by email upon the following:

>Joseph J. Zonies
>1700 Lincoln Street, Suite 2400
>Denver, CO 80203
>jzonies@zonieslaw.com
>Counsel for Defendant U.S. Center for SafeSport

>s/ Howard L. Jacobs
>Law Offices of Howard L. Jacobs
>31111 Agoura Rd., Suite 225
>Westlake Village, California 91361
>Telephone:  (805) 418-9892
>Facsimile:  (805) 418-9899
>Email: howard.jacobs@athleteslawyer.com